of a contract of employment, where plaintiff testifies as to his diligence in securing other employment and his evidence is not denied and no affirmative evidence is offered for defendant in regard thereto, a finding for plaintiff is warranted.

4. TRIAL, § 265*—*when verdict not disturbed as result of compromise.* In an action to recover for a breach of contract of employment, where plaintiff's evidence as to the time he was out of work and the pay which he received when he secured other employment is not contradicted, a verdict for plaintiff will not be disturbed on the ground that it must have been the result of a compromise, merely because there is a disparity between the amount of the verdict and the amount claimed by plaintiff.

---

### Frank H. Morgan, Appellee, v. Arthur G. Vierling, Appellant.

### Gen. No. 23,679.    (Not to be reported in full.)

Appeal from the Municipal Court of Chicago; the Hon. WELLS M. COOK, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1917. Reversed and remanded. Opinion filed May 15, 1918.

### Statement of the Case.

Action by Frank H. Morgan, plaintiff, against Arthur G. Vierling, defendant, to recover for the rental of an apartment. There was a judgment by confession for plaintiff for $42.50 and for $20 attorney's fees, and from a judgment overruling defendant's motion to vacate the judgment, he appeals.

ROBERT F. KOLB, for appellant; FRANK INGRAFFIA, of counsel.

ADAMS, CREWS, BOBB & WESCOTT, for appellee.

---

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

MR. PRESIDING JUSTICE TAYLOR delivered the opinion of the court.

## Abstract of the Decision.

1. LANDLORD AND TENANT, § 264*—*what constitutes constructive eviction.* Failure on the landlord's part to provide heat as required by the terms of the lease may constitute a constructive eviction.

2. LANDLORD AND TENANT—*when affidavit of defense in action for rent is sufficient.* An affidavit of defense in an action for rent setting up a constructive eviction by failure to furnish heat is sufficient where it recites the temperature and time of such failure, and it is obvious that if the recitals are true the heat furnished was not sufficient for the use of the premises for the purposes for which they were rented, and it is not necessary that the affidavit negative the provision contained in the lease by which the lessee waives all right to claim an eviction in case the landlord is unavoidably delayed from furnishing heat.

3. LANDLORD AND TENANT, § 319*—*when burden of proving unavoidable delay in furnishing heat is on landlord.* In an action for rent, where defendant sets up a constructive eviction by plaintiff's failure to furnish heat, it is not necessary that he show that plaintiff was not unavoidably delayed in furnishing heat, but the burden of proving such delay is on the landlord, even though the lease provides that the lessee waives the right to claim an eviction in case the landlord is unavoidably delayed in furnishing heat.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.